# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

DENNIS R. SERAMUR d/b/a DENNIS & § 
SONS BUILDERS, Individually and as the § 
Representative of a Class of Similarly- § 
Situated Persons, §
§
    Plaintiff, §
§
v. §     CIVIL ACTION NO. 3:19-CV-1678-B
§
FEDERAL INSURANCE COMPANY and §
ROTOBRUSH INTERNATIONAL LLC, §
§
    Defendants. §

## MEMORANDUM OPINION AND ORDER

On July 12, 2019, Plaintiff Dennis R. Seramur d/b/a Dennis & Sons Builders, individually and

as the representative of a class of similarly-situated persons, filed suit in this division against Federal

Insurance Company ("Federal") and Rotobrush International, LLC ("Rotobrush"). Doc. 1, Compl.

At the same time, Plaintiff filed a notice of a related cases, stating:

> The instant insurance coverage action is related to the following civil case(s)
> previously pending in this Court: *Dennis R. Seramur d/b/a Dennis & Sons Builders v.*
> *Rotobrush International, LLC, and John Does 1-5*," filed as Case No. 2:16-cv-00277, in
> the United States District Court for the Northern District of Indiana, and later
> transferred pursuant to 28 U.S.C. § 1404(a), to the Northern District of Texas, Fort
> Worth Division, where it was assigned Case No. 4:16-cv-1087 (the "Underlying
> Action"). Judgment was entered in the Underlying Action by United States
> Magistrate Judge Jeffrey L. Cureton on November 29, 2017 (Dkt. No. 64).

Doc. 2, Notice, 1. Given the related action previously adjudicated in the Fort Worth Division, the

Court considers whether a *sua sponte* transfer to that division is appropriate.

# I.

## LEGAL STANDARD

A court has broad discretion to transfer a case under 28 U.S.C. § 1404(a). *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). Specifically:

> Section 1404 transfers are authorized "[f]or the convenience of parties and witnesses, in the interest of justice...." Decisions to effect a 1404 transfer are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion.

*Id.* (upholding a *sua sponte* interdistrict transfer); *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989) (upholding a *sua sponte* transfer to a different division within the same district about 150 miles away).

In assessing a transfer under 28 U.S.C. § 1404(a), courts examine eight private and public factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (internal quotations omitted). The public interest factors are: (5) "the administrative difficulties flowing from court congestion;" (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* The balance of these factors must clearly weigh in favor of transferring to the new venue. *Id.* "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, 2008 WL

4225556, at * 2 (N.D. Tex. Sept. 15, 2008).

Public and private factors aside, a court must also independently consider how much weight to assign a plaintiff's choice of forum. *Davis v. City of Fort Worth*, 2014 WL 2915881, at *2 (N.D. Tex. June 25, 2014). That amount changes depending on whether a plaintiff has filed suit within his home forum or outside of it. "A plaintiff's choice is normally entitled to deference, but when she files suit outside her home forum, the weight accorded to the choice is diminished." *Id.* (internal citations omitted) (quoting *Sivertson v. Clinton*, 2011 WL 4100958, at *4 (N.D. Tex. Sept. 14, 2011)).

In addition, a court must ensure that a plaintiff could have brought that action in the new location originally. 28 U.S.C. § 1404(a). A plaintiff could have brought an action in a district or division initially if, at the time he filed the action: (1) any defendant resided in that district or division and (2) all defendants resided within the state. 28 U.S.C. § 1391(b)(1). Venue is also proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## II.

## ANALYSIS

Here, Plaintiff seeks a declaration concerning the rights and obligations under certain insurance policies issued by Federal to Rotobrush. Doc. 1, Compl., ¶ 2. Federal is the only new party to this case, and is alleged to be licensed to conduct business in Texas. *Id.* ¶ 5. Federal's holding company is alleged to have regional branch offices in Austin, Dallas, Houston, and San Antonio. *Id.* Plaintiff is an Indiana resident, and Rotobrush has its principal place of business in Grapevine, Texas. *Id.* ¶¶ 3, 4. Grapevine is approximately equidistant from this courthouse and the Fort Worth

courthouse, themselves which are separated by only 32 miles.

The Court first notes that venue would be proper in the Fort Worth Division, as both Defendants reside in Texas, and Rotobrush's principal place of business is in Grapevine, Texas. *See* 28 U.S.C. § 1391(b)(1), (c)(2). And because Plaintiff has filed suit outside its home forum, Plaintiff's choice to file in Dallas is accorded less deference. In addition, another district court previously found that it was proper to transfer Plaintiff's related case into the Northern District of Texas, Fort Worth Division. *Seramur v. Rotobrush Int'l LLC*, Case No. 2:16-cv-0277-JVB-PRC, Doc. 30 (transfer order). The Court incorporates that court's reasoning in finding the convenience of the parties and the interest of justice are served by a transfer of venue. The addition of Federal does not materially alter that analysis. In addition, the public interest factors weigh in favor of having the same court that presided over the underlying issues decide this related insurance dispute. Specifically, judicial economy will be served in that the Fort Worth Division is already familiar with the issues underlying this dispute, likely allowing for a more rapid resolution of this dispute, which has been on-going since 2016. Thus, good cause exists to transfer this case.

This case is hereby **TRANSFERRED** to the Fort Worth Division of the Northern District of Texas. The Clerk of Court shall effect the transfer according to the usual procedure.

SO ORDERED.

DATED July 19, 2019.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE